IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-17-133 |
| ANTHONY KEVON TODD, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Anthony Kevon Todd was sentenced to a period of 96 months' imprisonment on December 1, 2017 after pleading guilty to Possession of Controlled Substance With the Intent to Distribute. (ECF No. 42.) Todd has now filed a *pro se* Motion for Compassionate Release in light of the COVID-19 Pandemic. (ECF No. 46.) Upon the Court's request, the Office of the Federal Public Defender reviewed Todd's Motion for Compassionate Release and declined to supplement Todd's motion or ask for appointment of counsel in this matter. (*See* ECF No. 49.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, the request is DENIED.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted "by the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* This authority empowers the Court to reduce the sentence of an incarcerated individual who proves that documented medical conditions place him at a substantially heightened risk of suffering death or severe illness from COVID-19. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at \*2 (D. Md. June 17, 2020). However, a defendant may only move for a

reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

In his Motion, Todd claims that he has made the necessary request to the warden of his facility (ECF No. 46 at 3) but does not attach any records verifying that he made such a request. As such, because Todd has failed to provide evidence that he has pursued the procedure established by § 3582(c)(1)(A), this Court may not modify his sentence.[1]

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Todd's legitimate concerns about his living situation, but this Court is limited by the existing statutory authority in the relief it may consider. Accordingly, Todd's Motion for Compassionate Release (ECF No. 46) is DENIED without prejudice.

DATED this 4 day of February, 2021.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

---

[1] Todd may renew his motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Any renewed motion must be accompanied by: (1) an explanation of why Todd believes he is at a substantially heightened risk of suffering severe illness from COVID-19 compared to his fellow inmates; and (2) medical records verifying any medical conditions from which Todd claims to suffer.